UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　Case No. 25-cr-4097-MIS

CRISTHIAN ADRIAN ORTEGA-LOPEZ,

      Defendant.

### SENTENCING MEMORANDUM

Defendant Cristhian Adrian Ortega-Lopez, through counsel, respectfully submits this memorandum to address references in the Presentence Investigation Report ("PSR") to alleged gang affiliation and to urge the Court not to rely on those references in determining the sentence. The record contains no competent, reliable evidence proving that Mr. Ortega-Lopez is a member of any gang, much less that he is affiliated with "Tren de Aragua" ("TdA"). The PSR's gang-attribution rests on uncorroborated inference and generalized descriptors.

### INTRODUCTION

I.    **MR. ORTEGA-LOPEZ'S HISTORY AND CHARACTERISTICS**

The letters and evidence before the Court include multiple community and family testimonials attesting to Mr. Ortega-Lopez's character, work ethic, and lifelong commitment to supporting his mother and younger siblings. These letters present a consistent picture of Mr. Ortega-Lopez as a respectful, nonviolent, hard-working young man whose life has been defined by family responsibility, not criminality. They also document the acute hardship his continued incarceration imposes on his family.

Mr. Ortega-Lopez only got to the third grade before having to drop out to support his family financially. He began doing any job he could but settled into fishing to support his mother and younger siblings. He came to the United States of America with the hopes of working and continuing his support of his family. His love for his community and family is echoed in all the letters of support that have been provided. Notably, he used the money he earned to give the children of his hometown an actual Christmas. Something that his poor community could only dream of.

## II. THE PSR'S GANG ASSERTION IS NOT SUPPORTED BY COMPETENT EVIDENCE

### A. Reliance on an anonymous source of information ("SOI") and social-media inferences is insufficient

The PSR recounts an anonymous tip that the defendant "advised" the source he "was in a gang," without any identified gang, source reliability assessment, or corroborating evidence of membership. [PSR, ¶ 10].

The PSR bases its TdA assertion on images from social media of firearms, tattoos, clothing, and alleged "hand gestures," but it does not identify any specific TdA sign, provide expert validation, or tie any post to an admission of TdA membership. Despite request, there has been no supporting documents as to the research behind the conclusion that these are connected to TdA.

### B. Tattoos and clothing are ambiguous and non-probative of membership

The PSR describes tattoos—an AK-47 on the rib cage and a money bag under the left eye—as "identified as having gang affiliated tattoos," yet provides no foundation connecting those images uniquely to TdA or establishing them as indicia of membership as opposed to non-gang expression. [PSR, ¶ 49].

Probation's Addendum repeats that the defendant is "noted as having identifying tattoos (AK-47 and a money bag) associated with the TdA," but cites only "discovery material" and a generalized agent corroboration, without methodology, criteria, or expert basis differentiating association from membership. [Doc. 73].

### C. The Government's and Probation's materials concede critical gaps

The Addendum states the case agent "was unable to determine his rank in the organization," reflecting the absence of concrete evidence of membership or role. *Id.*

The PSR notes a recorded video call in which the defendant and another individual "spoke about the defendant being a member of a gang," but concedes "they never mention the name of the gang," providing no link to TdA. [PSR, ¶ 59].

The Addendum confirms the Government filed no objections to the PSR, offering no additional proof to substantiate a TdA affiliation beyond what Probation reported. [Doc. 73].

### III. THE COURT SHOULD DISREGARD EVIDENCE OF GANG MEMBERSHIP IN TdA

The Court should disregard the evidence presented by the government and in the PSR as unsupported and unreliable.

1. **Anonymous SOI statement**
   The SOI claims Mr. Ortega-Lopez "advised" he was in a gang, but offers no gang name, basis for reliability, or corroboration beyond social-media content unrelated to TdA membership. [PSR, ¶ 10].

2. **Social-media posts of firearms and "hand gestures"**
   The PSR chronicles multiple posts of the defendant holding or using firearms across 2024, but none identify or prove TdA membership, and the PSR supplies no expert basis for interpreting gestures as TdA signs. [PSR, ¶ 12, 49].

3. **Tattoos and apparel**
   References to an AK-47 and money bag tattoo, and unspecified clothing, are treated as "associated with" TdA without evidentiary foundation that these are distinctive markers of that organization or evidence of membership. *Id.*

   **4. Claimed agent corroboration without details**
The Addendum cites "corroboration" by the case agent but provides no underlying facts, standards, or training materials establishing a reliable methodology to conclude membership rather than mere cultural or stylistic expression. [Doc. 73].

   **5. The "gang" call without identification**
The PSR's April 30, 2025, video call reference does not identify any gang by name, does not connect the conversation to TdA, and thus cannot support a TdA-specific enhancement or inference. [PSR, ¶ 59].

   **6. No government objection or supplemental proof**
The Government did not object to the PSR and has not proffered additional evidence or expert testimony to substantiate the TdA allegation.

The conclusions by Government with Mr. Ortega-Lopez gang affiliation are directly contradicted by Dr. Rebecca Hanson, Associate Professor of Sociology and Criminology at the University of Florida. The Government appears to continue a dangerous cycle of creating experts by assuming conclusions, training on those unsupported conclusions, calling it proven, and now they are experts. Dr. Hanson has diverse, well-rounded expertise in this area and the culture in Venezuela. She concludes that the government does not have sufficient evidence connecting Mr. Ortega-Lopez to TdA. She also disputes the continued assertion of the Government that TdA is a coordinated gang with widespread reach in the United States. Dr. Hanson has reviewed records in this case, including United States' Brief in Support of Appeal of Detention Order (Doc. 29) and United States' Motion to Reconsider Pretrial Release Order (Doc. 32), which the government intends to rely upon[1].

### IV. REQUESTED SENTENCING APPROACH

The Court should decline to rely on any PSR assertions of TdA affiliation because they lack sufficient indicia of reliability and are contradicted by the absence of concrete, gang-specific proof. The record shows ambiguous symbols and social-media content, an unverifiable anonymous statement, and a non-specific reference to "a gang" without identification. On this record, there is

---

[1] Dr. Rebecca Hanson's Declaration has been attached as Exhibit A.

no competent evidence proving that Mr. Ortega-Lopez is a member of any gang, let alone TdA. Accordingly, the Court should give these references no weight in its assessment under 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the Court should grant the objection to any reference in the PSR's to TdA or any gang membership and sentence Mr. Ortega-Lopez without consideration of unproven and unreliable allegations of gang affiliation.

Dated this 20th day of February, 2026.

Respectfully submitted,

_____
Shaharazad McDowell Booth
Attorney for Defendant
NM Bar # 142956
US Bar ID # 19-101
PO Box 13856
Las Cruces, NM 88013
(575) 323-8233

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Sentencing Memorandum upon the U.S. Attorney's Office by electronically filing a copy with the Clerk of the Court using the CM/ECF system on this the 20th of February 2026.

_____
Shaharazad McDowell Booth
*Attorney for the Defendant*